# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OSCAR GARNER,
      Plaintiff,

v.                                                                          Case No. 16-C-1675

CAPT. BROWN, *et al.*,
      Defendants.

## ORDER

On March 2, 2018, I granted defendants' motion for summary judgement and dismissed the case. Docket. No. 68. Plaintiff appealed (Docket No. 70) and filed a motion to use his release account to pay the initial partial filing fee on appeal (Docket No. 72).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pay applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If the prisoner is unable to prepay the $505.00 filing fee in full, he can request to proceed *in forma pauperis* and must submit his trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). I then assess an initial filing fee of twenty percent of the average monthly deposits to plaintiff's prison account or average monthly balance in plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

Plaintiff cannot proceed *in forma pauperis* if: (1) he has not established indigence, (2) the appeal is in bad faith, or (3) he has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). "Strikes" include any prisoner action dismissed on any of the three enumerated grounds before or after the enactment of the PLRA. *Evans v. Ill. Dep't of*

*Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that plaintiff has accumulated three strikes, including: (1) *Garner v. Hill*, case no. 17-cv-0051-LA (E.D. Wis.); (2) *Garner v. Kirby*, case no. 14-cv-545-JDP (W.D. Wis.); (3) and *Garner v. Huibregtse*, case. no. 09-cv-301 (W.D. Wis.). Thus, plaintiff cannot proceed *in forma pauperis*. Because plaintiff cannot proceed with an appeal based on payment of an initial partial filing fee, his motion to use his release account to pay the initial partial filing fee is moot. Therefore, I will deny his motion to use his release account to pay the initial partial filing fee on appeal.

If plaintiff wants to proceed with this appeal, he must pay the full appellate filing fee of $505.00 within **14 days** of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). Failure to pay in full within the time limits may result in dismissal of this case. *Newlin*, 123 F.3d at 434.

For the reasons stated, **IT IS ORDERED** the plaintiff's motion to use release account to pay the initial partial filing fee on appeal (Docket No. 72) is **DENIED**. Plaintiff shall forward to the clerk of this court the sum of $505.00 as the appellate filing fee within **14 days** of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Plaintiff's failure to comply with this order may result in dismissal of his appeal.

**IT IS ORDERED** that copies of this order be sent to the officer in charge of the agency where plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2018.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge